# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

**SERGIO JONES,**

**Plaintiff,**

**v.**                                          CIVIL NO. SA-13-CV-851-PM

**SAPD OFFICER JIM ACUNA and
SAPD OFFICER J.A. QUINTANILLA,**

**Defendants.**

## MEMORANDUM DECISION AND ORDER

Pursuant to the consent of the parties and the order of the Chief District Judge assigning this case to the undersigned United States Magistrate Judge for all further proceedings to include entry of final judgment,[1] consistent with the provisions of 28 U.S.C. § 636 and Rule 1of the Local Rules for the Assignment of Duties to United States Magistrate Judges, Appendix C to the Local Court Rules for the Western District of Texas, the following Memorandum Decision and Order is entered.

### I. JURISDICTION

Jurisdiction is noted pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

### II. SUMMARY OF PROCEDURAL HISTORY

Plaintiff, Sergio Jones ("plaintiff"), acting *pro se*, initiated this suit on or about September 16, 2013, when he filed a motion to proceed *in forma pauperis* ("IFP")[2] and an original complaint naming two defendants: San Antonio Police Department ("SAPD") officers

---

[1] Docket no. 33.

[2] Docket no. 2.

Jim Acuna and J.A. Quintanilla (collectively, "officers"), alleging against the officers one claim

for use of excessive force in connection with plaintiff's arrest on May 22, 2013.[3]  Although

plaintiff was confined in the Bexar County Adult Detention Center ("BCAD") at the time he filed

his lawsuit and the events of this lawsuit concern events surrounding plaintiff's arrest, plaintiff

currently does not appear to be in custody.[4]

On September 18, 2013, plaintiff filed an amended complaint.[5]  The factual allegations in

plaintiff's original and amended complaints are summarized in an order of the Court, entered on

September 27, 2013, as follows:

> On May 22, 2013, [plaintiff] was subjected to a traffic stop.  Plaintiff was
> searched and handcuffed.  He attempted to evade arrest by running, but he was
> subdued by Defendants Jim Acuna and JA Quintanilla, San Antonio police
> officers.  Plaintiff was not aggressive, but Defendants assaulted him with strikes,
> knees, and punches to the head and face.  Quintanilla kicked Plaintiff multiple

---

[3]  Docket no. 1 at 1, 4 ("original complaint").

[4]  Public records indicate plaintiff was charged with two offenses in Bexar County on
May 22, 2013, each for "assault of a public servant."  Docket no. 5 at 1.  On October 21, 2013,
the Court ordered that "Plaintiff must file an advisory with this Court informing the Court of any
future disposition of the criminal proceedings (i.e. dismissal, acquittal, conviction) [against
plaintiff] within fourteen days after resolution of the criminal proceedings."  Docket no. 9 at 2.
On August 7, 2014, plaintiff filed an advisory informing the Court "[his] two case[s] were
dismissed."  Docket no. 17 at 1.  On September 15, 2014 plaintiff filed a notice of change of
address stating "This is Sergio Jones who *was held* in Bexar County Jail or BCSO sid # 753669.
This is my new address: 2002 Lamesa Hwy, Brownfield Tx 79316." (docket no. 35 at 1
(emphasis added)).  On December 8, 2014, plaintiff filed a notice of change of address stating his
address is: "7000 Gulf Shore Blvd., Converse, Texas 78244" (docket no. 39 at 1).  Again, there is
no information in the record to show defendant is in custody; defendants do not present
arguments based on Heck.

[5]  Docket no. 3 ("amended complaint").  Plaintiff's amended complaint alleges essentially
the same facts alleged in the original complaint and appears to assert no other cause of action
besides use of excessive force.  Id. at 3-4.

times in the face.  Plaintiff suffered multiple facial fractures.[6]

On July 28, 2014, plaintiff filed another "Amended Complaint" ("second amended complaint"), restating the facts as summarized in the Court's September 27, 2013 order, and asserting only one claim against both defendants for use of excessive force.[7]  As relief, plaintiff seeks damages.[8]

On August 21, 2014, the Court directed plaintiff to keep counsel for the defendant and the Court informed of his current mailing address and residence address, stating:

> 3.  Duty to Inform Court of Change of Address.  Plaintiff is **ORDERED** to immediately notify the Clerk and each defendant's counsel in writing of any change in his address.  He shall caption any such change of address advisories as "Notice to the Court of Change of Address" and not include any motions or other matters in such notice.  This notice shall contain only information pertaining to the address change and the effective date of such change of address.  Failure by plaintiff to immediately notify the Clerk and each defendant's counsel of any change in plaintiffs mailing address will be interpreted by the Court as a failure to prosecute and may result in the Court recommending the dismissal of plaintiff's Complaint.[9]

On September 9, 2014, the officer defendants each filed an answer to plaintiff's second amended complaint.[10]  On the same day, the Court entered a scheduling order that, among other deadlines, provided that discovery must be completed by January 12, 2015 and dispositive

---

[6]  Docket no. 5 at 1.

[7]  Docket no. 16.  To the extent plaintiff's original and two "amended complaints" can be read to assert any cause of action other than one asserting a violation of his federal constitutional rights based on use of excessive force, the claims are **dismissed** based on plaintiff's failure to clearly identify the claim(s), provide a particularized statement of facts in support of the claim(s), or submit authority showing that the allegations provided in the complaint are sufficient to allege another cause of action.

[8]  Docket no. 1 at 4; docket no. 3 at 4; docket no. 26 at 1.

[9]  Docket no. 23 at 2 (original emphasis).

[10]  Docket nos. 27, 28.

motions must be filed by January 26, 2015.[11]

On September 15, 2014, plaintiff filed a notice of change of address stating his new address is 2002 Lamesa Highway, Brownfield, Texas 79316.[12]  On December 8, 2014, plaintiff filed another notice of change of address stating his address is: "7000 Gulf Shore Boulevard, Converse, Texas 78244."[13]  On January 12, 2015, the Court granted the officers' motion to extend the discovery deadline to February 2, 2015 and deadline to file dispositive motions to February 16, 2015.[14]

On February 10, 2015, the officers filed a combined motion to compel the plaintiff's deposition testimony, motion for sanctions, and alternative motion to dismiss for plaintiff's failure to appear at his scheduled deposition.[15]  The officers argue, in sum, they served a notice of intent to take plaintiff's oral deposition to occur on January 29, 2015, at the Office of the City Attorney for the City of San Antonio, and plaintiff contacted counsel for the officers on approximately January 27, 2015, to confirm the location of the deposition, but plaintiff did not appear at the deposition.[16]  Later on February 10, 2015, the officers filed an advisory informing the Court that the deposition notice the officers mailed to plaintiff at plaintiff's current address in

---

[11]  Docket no. 32 at 2.

[12]  Docket no. 35 at 1.

[13]  Docket no. 39 at 1.

[14]  Docket no. 42.

[15]  Docket no. 43.

[16]  Id. at 2, exhibit A at 2.

Converse, Texas,[17] was returned to the officers' counsel with the envelope marked, "Not Deliverable as Addressed Unable to Forward;" nevertheless, because plaintiff telephoned counsel for defendants to confirm where his deposition would be taken, it appeared plaintiff, in fact, had received the notice.[18]

On February 10, 2015, noting the officers' arguments in their advisory concerning the undelivered mail, the Court entered an order directing plaintiff before February 25, 2015, to: (1) show cause "why his claims and case should not be dismissed with prejudice based on plaintiff's failure to timely inform the Court and counsel for defendants of his current mailing and residence address" and (2) respond to the officers' combined motion to compel, for sanctions, or dismissal.[19]   The Court's order advises plaintiff:

> **if plaintiff does not timely comply with the provisions of this order, the Court can grant the relief requested in defendants' combined motions and/or dismiss plaintiff's claims against defendants with prejudice based on plaintiff's failure to timely prosecute his claims/case and/or respond to this order**.[20]

On February 16, 2015, the officers filed a motion for summary judgment, arguing, in sum, the officers are entitled to qualified immunity because their conduct was reasonable in light of the clearly established legal rules in place at the time of plaintiff's arrest.[21]   Each officer tenders

---

[17]   See docket no. 39.

[18]   Docket no. 44 at 2.

[19]   Docket no. 45 at 2.

[20]   Id. (emphasis in original).

[21]   Docket no. 46 at 3-8.

as summary judgment evidence his own affidavit.[22]

On February 17, 2015, the Court entered a seven-page order informing plaintiff of summary judgment procedures and burdens, ordered plaintiff to respond to defendants' motion for summary judgment on or before February 25, 2015 (noting that the February 25 deadline is the same deadline imposed in the Court's February 10, 2015 order to plaintiff to respond to defendants' combined motion to compel, for sanctions, or to dismiss and show cause why plaintiff's claims should not be dismissed for failure to keep defendants and the Court informed of his current mailing and residence address and/or timely prosecute).[23] The order also again warned plaintiff judgment could be entered in favor of defendants if plaintiff did not file a timely response to the officers' motion for summary judgment.[24]  On February 20, 2015, the District Clerk's Office made an entry in the docket noting that the United States Postal Service had returned to the Court's February 17, 2015 order which had been mailed to plaintiff at the Converse, Texas address with the envelope annotated: "No Such Street; Unable to Forward."[25]

On February 23, 2015, plaintiff sent a letter to the Court stating:

> I Sergio M Jones, (case # 5:13-CV-00851) am requesting that my deposition be rescheduled at its earliest conv[en]ience, due to the fact that I was informed that I didn't have to attend the deposition on (1-29-15)
> I have compelling evidence that will prove I did not sustain these facial fractures, nor the alleged injuries due to jumping a 3ft fence, and landing on my back (as the police states) in a grassy area.
> I complied with the officers commands and was already in handcuffs. (The

---

[22]  Id., exhibits A, B.

[23]  Docket no. 47 at 1-7, 7 n.25.

[24]  Id. at 7.

[25]  Docket no. 48.

medical records will show that those injuries are not consistent with jumping a
fence, and landing on my back)

      I was charged with poss. of controlled substance, and assault on a public
servant.  Also bodily injury all charges were dismissed.  Also excessive force was
used, on me which is a violation of my civil rights.

      I am also requesting that the video from the night of the incident on 5-22-
13 from the police dash cam, be reviewed by the court the Honorable Judge
Pamela Mathy.[26]

When filing plaintiff's letter, the District Clerk's Office also filed a copy of the envelope

used by plaintiff to mail his letter to the Court which shows plaintiff provided a return

address of "Sergio Jones, 7000 Gulf Shore, Converse, TX 78244."[27]

### III.  ISSUES

1.    Should the officers' combined motion to compel, motion for sanctions, and
alternative motion to dismiss be granted ?

2.    Should the officers' motion for summary judgment be granted with respect to
plaintiff's claims against them?

### IV.  STANDARDS

**A.    Discovery Sanctions**

      Courts have broad discretion under Rule 37 to impose sanctions for discovery

misconduct, including a failure to participate in discovery authorized by the rules.[28]  Under Rule

37, in addition to an order compelling discovery, a court may fashion a sanction order that is just

when a party fails, after being properly served, to respond properly to discovery requests.[29]  The

---

[26] Docket no. 49 at 1.

[27] Id. at 2.

[28] National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642-43, 96
S.Ct. 2778, 2780-81 (1976).

[29] FED. R. CIV. P. 37(d)(1)(A)(ii).

sanctions may include: (1) an order that matters or "designated facts shall be taken as established for the purpose of the action;" (2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters into evidence; (3) an order striking pleadings or parts of pleadings; (4) an order staying further proceedings pending compliance; (5) an order "dismissing the action or proceeding in whole or in part;" and (6) an order of default judgment against the offending party.[30]  In addition to or in lieu of a sanction order,

> the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or that other circumstances make an award of expenses unjust.[31]

Overriding Rule 37 is the requirement that sanctions be just.[32]  The sanction imposed should be proportionate to the offense.[33]  Before imposing severe sanctions, the court must consider whether lesser sanctions would be more appropriate for the violation at issue.[34]  When determining the appropriate sanction, a court may consider "the resulting prejudice to the other party, any prejudice to the judicial system, and the need to deter similar misconduct in the future."[35]

---

[30]  FED. R. CIV. P. 37(b)(2)(A)(i)-(vi).

[31]  FED. R. CIV. P. 37(d)(3).

[32]  Ins. Corp. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707, 102 S.Ct. 2099, 2106 (1982).

[33]  Bonds v. District of Columbia, 93 F.3d 801, 808 (D.C. Cir. 1996), cert. denied, 520 U.S. 1274, 117 S.Ct. 2453 (1997).

[34]  Id.

[35]  Id.

**B.      Rule 41(b)**

Rule 41, Federal Rules of Civil Procedure, provides, in part:

> If the plaintiff fails to prosecute or to comply with these rule [Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.[36]

Dismissal with prejudice pursuant to Rule 41(b) must be supported by a clear record of plaintiff's delay or contumacious conduct.[37]  It must be clear that lesser sanctions would not serve the best interests of justice.[38]  Generally, a dismissal with prejudice must be supported by a finding of at least one of three aggravating factors: (1) delay caused by the plaintiff as opposed to plaintiff's counsel; (2) the degree of actual prejudice to defendant; and (3) the delay was intentional.[39]

**C.      Summary Judgment**

The standard to be applied in deciding a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part as follows:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[40]

Mere allegations of a factual dispute between the parties will not defeat an otherwise proper

---

[36] FED. R. CIV. P. 41(b).

[37] Rogers v. Kroger Co., 669 F.2d 371, 320 (5th Cir. 1982).

[38] Id.

[39] Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 418 (5th Cir. 2006).

[40] FED. R. CIV. P. 56(a).  See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

motion for summary judgment.  Rule 56 requires that there be no genuine issue of material fact.[41]

A fact is material if it might affect the outcome of the lawsuit under the governing law.[42]  A

dispute about a material fact is genuine if the evidence is such that a reasonable jury could return

a verdict for the nonmoving party.[43]  Therefore, summary judgment is proper if, under governing

laws, there is only one reasonable conclusion as to the verdict; if reasonable finders of fact could

resolve a factual issue in favor of either party, summary judgment should not be granted.[44]

　　　The movant on a summary judgment motion bears the initial burden of providing the

court with a legal basis for its motion and identifying those portions of the record which it alleges

demonstrate the absence of a genuine issue of material fact.[45]  The burden then shifts to the party

opposing the motion to present affirmative evidence to defeat a properly supported motion for

summary judgment.[46]  All facts and inferences drawn from those facts must be viewed in the

---

[41]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986).

[42]  Id. at 248, 106 S.Ct. at 2510; Thomas v. LTV Corp., 39 F.3d 611, 616 (5th Cir. 1994).

[43]  Anderson, 477 U.S. at 248, 106 S.Ct. 2510; Wise v. E.I. DuPont De Nemours & Co., 58 F.3d 193, 195 (5th Cir. 1995).

[44]  Anderson, 477 U.S. at 249, 106 S.Ct. at 2510.

[45]  Fed. R. Civ. P. 56(c)(1) provides:
Supporting Factual Positions.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
　　　(A)  citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
　　　(B)  showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
Fed. R. Civ. P. 56(c)(1).  See also Celotex, 477 U.S. at 323, 106 S.Ct. at 2552-53.

[46]  Anderson, 477 U.S. at 257, 106 S.Ct. at 2514-15.

light favorable to the party resisting the motion for summary judgment.[47]  "The court need consider only the cited materials, but it may consider other materials in the record."[48]  Summary judgment motions permit the Court to resolve a lawsuit without the necessity of a trial if there is no genuine dispute as to any material facts and the moving party is entitled to judgment as a matter of law.[49]  "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."[50]

If "the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by showing – that is, pointing out to the district court – that there is an absence of

---

[47]  Scott v. Harris, 550 U.S. 372, 378, 127 S.Ct. 1769, 1774 (2007); Hibernia Nat'l Bank v. Carner, 997 F.2d 94, 97 (5th Cir. 1993).  The Supreme Court explained in Scott that:
> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to [the] facts.  As we have emphasized,  "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmonving party, there is no 'genuine issue for trial.'"  "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."

550 U.S. at 380, 127 S.Ct. at 1776 (emphasis in original) (quoting FED. R. CIV. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986); Anderson, 477 U.S. at 247-48, 106 S.Ct. at 2510).

[48]  FED. R. CIV. P. 56(c)(3).

[49]  See Fields v. City of South Houston, Tex., 922 F.2d 1183, 1187 (5th Cir. 1991).

[50]  FED. R. CIV. P. 56(c)(2).

evidence to support the nonmoving party's case."[51]  The movant "must demonstrate the absence

of a genuine issue of material fact, but does not have "to negate the elements of the nonmovant's

case."[52]  "If the moving party fails to meet its initial burden, the motion for summary judgment

must be denied, regardless of the nonmovant's response.[53]  On the other hand, if the movant

meets its burden and the non-movant cannot provide some evidence to support its claim,

summary judgment is appropriate.[54]  The Court may enter an order that does not grant all the

relief requested by the motion, but states that "any material fact—including an item of damages

or other relief—that is not genuinely in dispute and treating the fact as established in the case."[55]

　　　　If the nonmovant cannot adequately defend against a motion for summary judgment, the

remedy is a motion for relief under Rule 56(d), which provides:

> (d)  When Facts Are Unavailable to the Nonmovant.  If a nonmovant shows by
> affidavit or declaration that, for specified reasons, it cannot present facts essential
> to justify its opposition, the court may:
> (1)  defer considering the motion or deny it;
> (2)  allow time to obtain affidavits or declarations or to take discovery; or
> (3)  issue any other appropriate order.[56]

Discovery motions under Rule 56(d) are "broadly favored and should be liberally granted

---

[51]  Duffie v. United States, 600 F.3d 362, 371 (5th Cir.) (citing Celotex, 477 U.S. at 325, 106 S.Ct. at 2554) (internal punctuation omitted), cert. denied __ U.S. __, 131 S.Ct. 355 (2010).

[52]  Duffie, 600 F.2d at 371; Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

[53]  Quorum Health Res., L.L.C. v. Maverick County Hosp. Dist., 308 F.3d 451, 471 (5th Cir. 2002) (citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

[54]  FED. R. CIV. P. 56(e); Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir.), cert. denied, 537 U.S. 824, 123 S.Ct. 111 (2002).

[55]  FED. R. CIV. P. 56(g).

[56]  See FED. R. CIV. P. 56(d).

because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose."[57]  To be entitled to a continuance of a summary judgment proceeding to obtain further discovery prior to a ruling on a motion for summary judgment, the party opposing the motion must demonstrate how additional time and discovery will enable the party to rebut the movant's allegations there are no genuine issue of material fact.[58]

**D.    Section 1983**

Section 1983 does not create any substantive rights, but instead provides a remedy for violations of federal statutory and constitutional rights.[59]  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.[60]

---

[57]  Raby v. Livingston, 600 F.3d 552, 561 (5th Cir. 2010) (discussing Rule 56(f)) (internal punctuation omitted); Culwell v. City of Fort Worth, 468 F.3d 868, 871 (5th Cir.2006) (same); International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1267 (5th Cir. 1991) (explaining that under Rule 56(f), "[w]here the party opposing the summary judgment informs the court that its diligent efforts to obtain evidence from the moving party have been unsuccessful, a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course.") (citation and internal punctuation omitted), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992); see also Sapp v. Memorial Hermann Healthcare Sys., 406 Fed. A'ppx 866, 869 (5th Cir. 2010).

[58]  See Raby, 600 F.3d at 561 (request for stay "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion") (citations and internal punctuation omitted).

[59]  LaFleur v. Tex. Dep't of Health, 126 F.3d 758, 759 (5th Cir. 1997); Jackson v. City of Atlanta, Tex., 73 F.3d 60, 63 (5th Cir.), cert. denied, 519 U.S. 818, 117 S. Ct. 70 (1996).

[60]  42 U.S.C. § 1983.

In order to state a cause of action under § 1983, a plaintiff's claim for relief must allege facts establishing that: (1) plaintiff has been deprived of a right secured by the Constitution or laws of the United States; and (2) defendant acted under color of state law.[61]  The Fifth Circuit has held that "section 1983 imposes liability for violations of rights secured by the Constitution, not violations of duties of care arising out of tort law."[62]

## E.    Qualified Immunity

Qualified immunity shields certain public officials performing discretionary functions from civil damage liability if their actions could reasonably have been thought consistent with the rights they are alleged to have violated.[63]  Once a defendant raises the qualified immunity defense, "*plaintiff* has the burden to rebut" the defense.[64]  Whether a defendant is entitled to immunity from suit as a result of qualified immunity is a two step inquiry: (1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and (2) if so, whether plaintiff has raised a genuine issue of material fact that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident.[65]

---

[61]   Doe ex rel. Magee v. Covington Cnty. Sch. Dist., 675 F.3d 849, 854 (5th Cir. 2012); Randolph v. Cervantes, 130 F.3d 727, 730 (5th Cir. 1997); cert. denied, 525 U.S. 822, 119 S. Ct. 65 (1998); Fyfe v. Curlee, 902 F.2d 401, 403 (5th Cir. 1990); Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989).

[62]   Lynch v. Cannatella, 810 F.2d 1363, 1375 (5th Cir. 1987).

[63]   Duckett v. City of Cedar Park, 950 F.2d 272, 279 (5th Cir. 1992).

[64]   Austin v. Johnson, 328 F.3d 204, 208 n. 6 (5th Cir. 2003); Thompson v. Upshur Cnty., Tex., 245 F.3d 447, 456 (5th Cir. 2001); Pierce v. Smith, 117 F.3d 866, 871-72 (5th Cir. 1997).

[65]   Michalik v. Hermann, 422 F.3d 252, 257-58 (5th Cir. 2005); Jacobs v. W. Feliciana Sheriff's Dept., 228 F.3d 388, 393 (5th Cir. 2000) (citing Hare v. City of Corinth, 135 F.3d 320, 325 (5th Cir. 1998)).

"Clearly established" means that the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."[66]  "[L]ower courts are 'permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand.'"[67]  "Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable."[68]

The Fifth Circuit has encouraged the district courts to require highly fact-specific pleading by a plaintiff in a § 1983 lawsuit who attempts to overcome a plea of qualified immunity.[69]  "'[P]laintiffs must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense.' A complaint which raises the likely issue of immunity cannot be cast in 'broad, indefinite and conclusory terms,' but must include detailed facts supporting the contention that the plea of immunity cannot be sustained."[70]  "Qualified immunity protects 'all but the plainly incompetent

---

[66]  Anderson v. Creighton, 483 U.S. 635, 640 , 107 S. Ct. 3034, 3039 (1987); Michalik, 422 F.3d at 258; Thompson, 245 F.3d at 457.

[67]  Collier v. Montgomery, 569 F.3d 214, 217-18 (5th Cir. 2009) (quoting Pearson v. Callahan, 555 U.S. 223, 241-42, 129 S. Ct. 808, 821 (2009)).

[68]  Duckett, 950 F.2d at 280.

[69]  Hick v. Bexar Cnty., Tex., 973 F. Supp. 653, 673 (W.D. Tex. 1997) (citations omitted), aff'd, 137 F.3d 1352 (5th Cir. 1998).

[70]  Hick, 973 F. Supp. at 673 (citations omitted).  See also Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996).

or those who knowingly violate the law.'"[71] "Qualified immunity purposefully shields police officers' split-second decisions made without clear guidance from legal rulings."[72]

## V. ANALYSIS

### A. The Officers' Combined Motion to Compel, for Sanctions, or Dismissal

In their motion to compel, for sanctions, or dismissal, the officers argue, in sum: (1) on January 15, 2015, their attorney mailed correspondence to plaintiff asking plaintiff to confer about dates for plaintiff's deposition; (2) when plaintiff had not responded, counsel served plaintiff with a notice to take his oral deposition to occur on January 29, 2015; (3) on about January 27, 2015, counsel and plaintiff had a telephone conversation in which it was confirmed the deposition would take place in the City Attorney's Office; (4) plaintiff did not appear for his deposition at the designated time and place; and (5) defendants incurred $200.00 in court reporting costs related to the non-appearance.[73]  The officers seek an order compelling plaintiff to appear for a rescheduled deposition and require plaintiff to pay the costs relating to his failure to appear on January 29 or, in the alternative, an order dismissing plaintiff's claims and suit.[74]

In his February 23 response, plaintiff states he "was informed that [he] didn't have to attend the deposition on (1-29-15)."[75]  But, plaintiff does not provide any further information about his failure to appear, such as identifying who gave him the "advice" and when, or further

---

[71]  Pasco v. Knoblauch, 566 F.3d 572, 579-82 (5th Cir. 2009) (quoting Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986)).

[72]  Id. at 582.

[73]  Docket no. 43 at 2-3.  See id., exhibit C at 4.

[74]  Id. at 4.

[75]  Docket no. 49 at 1.

explanation as to why it was reasonable for plaintiff to rely on the "advice" notwithstanding the telephone conversation plaintiff had with an attorney for defendants.

Plaintiff does not deny that he had notice of the time and place of the deposition, nor does plaintiff argue that he was unable for any reason to attend the deposition as scheduled. Without any further information about the advice plaintiff allegedly received that he "didn't have to attend," there is no basis to conclude plaintiff's failure to attend the deposition was excusable as "grounded in confusion or sincere misunderstanding."[76] Further, plaintiff's non-appearance resulted in prejudice to the officers beyond the cost of court reporting services, as they lost the opportunity to depose plaintiff within the discovery period, which expired four days after the scheduled deposition. Under these circumstances, and based on plaintiff's minimal showing regarding the reasons he did not appear for a deposition he knew about, dismissal appears to be an appropriate sanction.[77] Accordingly, the officers' motion to dismiss is **granted** and plaintiff's claims against the officers are **dismissed with prejudice** based on plaintiff's failure to appear for his scheduled deposition or provide an excuse for his non-attendance. Defendant's alternative motion to compel is **denied** as moot. Finally, defendants' motion for sanctions equal to the costs billed to defendants by the court reporter in connection with the noticed deposition for which plaintiff did not appear is **denied** at this time.

---

[76] Batson v. Neal Spelce Assocs., 765 F.2d. 511, 514 (5th Cir. 1985).

[77] See Talkington v. City of Fort Worth, No. 4:12-CV-585-A, 2013 WL 6065442, at *2 (N.D.Tex. Nov. 15, 2013) ("The court is not required to amend its scheduling order, nor are defendants required to extend the litigation process, to accommodate the difficulties imposed by plaintiff's willful attempt to escape from justice and disregard both the criminal justice system and the civil litigation process.").

**B.      Failure to Timely Prosecute**

On February 10, 2015, the Court entered an order directing plaintiff to show cause "why his claims and case should not be dismissed with prejudice based on plaintiff's failure to timely inform the Court and counsel for defendants of his current mailing and residence address," and warning that failure to show cause could result in the Court dismissing plaintiff's claims with prejudice for failure to prosecute.[78]  In plaintiff's one-page letter in response to the Court's February 10, 2015 order, plaintiff offers no explanation as to why the United States Postal Service has returned certain mailings addressed to plaintiff at 7000 Gulf Shore, Converse, TX 78244, noting that the mail is not able to be delivered to plaintiff at the address.[79]  Even after the Court's February 10 order, the Court's February 17 order was returned to the District Clerk as undeliverable.[80] Because plaintiff offers no explanation of why his mail is being returned, plaintiff appears to have failed to keep the Court and defendants informed of his current mailing and residence address. Accordingly, defendants' alternative motion to dismiss plaintiff's claims based on plaintiff's failure to timely prosecute, to the extent the motion applies to plaintiff's failure to keep the Court and defendants informed of his current mailing and residence address, should be **granted** and plaintiff's claims against the officers are **dismissed with prejudice** based on plaintiff's failure to comply with Court orders to keep the Court and parties informed as to his current mailing and residence address and failure to timely prosecute his case.

---

[78]  Docket no. 45 at 2, exhibits A and C.

[79]  See docket no. 49.

[80]  Docket no. 48.

C.     **Summary Judgment**

1.     **officers' motion and evidence**

In their motion for summary judgment, the officers argue the officers at least "*could have believed*" the measure of force they used against plaintiff during his arrest "to be lawful, in light of clearly established law and the information . . . [they] possessed," and, therefore, the officers are entitled to qualified immunity.[81]  In support, Officer Acuna testifies on the night of plaintiff's arrest, he and Officer Quintanilla were on patrol when they saw plaintiff make a turn without using a signal.[82]  Officer Acuna testifies after pulling plaintiff's vehicle over, Officer Quintanilla arrested plaintiff for driving without a license, placed plaintiff in handcuffs, and walked plaintiff to the patrol car, where Officer Acuna began to search plaintiff for weapons.[83]  Officer Acuna testifies while plaintiff was being searched, he hit Officer Acuna with his right elbow and began to flee.[84]  Officer Acuna testifies both officers chased plaintiff, who jumped a five-foot fence, landing on his face and shoulders, and then continued running.[85]  Officer Acuna testifies he was about to catch up to plaintiff when plaintiff turned and struck him in the groin with his knee. Officer Acuna testifies he fell to the ground with plaintiff and tried to restrain him, but plaintiff resisted with kicks and knee strikes, and attempted to bite Officer Acuna.[86]  Officer Acuna

---

[81]  Docket no. 46 at 3-8 (citations omitted).

[82]  Id., exhibit B at 2.

[83]  Id.

[84]  Id. at 2-3.

[85]  Id. at 3.

[86]  Id.

testifies he told plaintiff to stop resisting arrest.[87]  Officer Acuna testifies he struck plaintiff "with a closed right hand" to prevent injuries to himself from kicking and biting, and was unable to gain control of plaintiff during the struggle.[88]  Officer Acuna testifies Officer Quintanilla arrived and plaintiff attempted to kick and knee him, too.[89]  Officer Acuna testifies Officer Quintanilla struck plaintiff, who did stop resisting arrest and was brought under control.[90]

        In his affidavit in support of the officers' motion for summary judgment, Officer Quintanilla's account of the arrest and struggle is similar to that of Officer Acuna.[91]  Officer Quintanilla testifies during the pursuit, he and officer Acuna yelled at plaintiff to stop running.[92] Officer Quintanilla testifies that he saw plaintiff kicking and trying to bite Officer Acuna, and that he yelled at plaintiff to stop biting.[93]  Officer Quintanilla testifies that after he arrived at the scene of the struggle between plaintiff and Officer Acuna, plaintiff kicked him in his right knee, causing him to fall on top of plaintiff.[94]  Officer Quintanilla testifies plaintiff continued to try to bite Officer Acuna.[95] Officer Quintanilla testifies he punched plaintiff twice in the side of the

---

[87]  Id.

[88]  Id.

[89]  Id.

[90]  Id.

[91]  See id., exhibit A at 2-3.

[92]  Id. at 3.

[93]  Id.

[94]  Id.

[95]  Id.

face to prevent plaintiff from biting.[96]  Officer Quintanilla testifies plaintiff struck him in the torso with knee strikes, Officer Quintanilla responded by punching plaintiff in the torso, and after Officer Quintanilla punched plaintiff, plaintiff said, "Okay, I'll stop."[97]

### 2.     plaintiff's response

In his letter filed with the Court on February 23, 2015, in response to the officers' motion for summary judgment, plaintiff argues he has "compelling evidence that will prove I did not sustain these facial fractures, nor the alleged injuries due to jumping a 3ft fence, and landing on my back (as the police states) in a grassy area" and "[t]he medical records will show that those injuries are not consistent with jumping a fence, and landing on my back."[98]  Plaintiff further argues he "complied with the officers['] commands and was already in handcuffs."[99]  Plaintiff requests "that the video from the night of the incident on 5-22-13 from the police dash cam, be reviewed by the court[.]"[100] Plaintiff does not tender an evidence with his one-page letter.

### 3.     analysis

#### a.     plaintiff's failure to provide controverting evidence

On February 17, 2015, the Court entered an order directing plaintiff to file a response to the officers' motion for summary judgment.[101]  The order advised plaintiff "[w]hen a motion for

---

[96] Id.

[97] Id.

[98] Docket no. 49 at 1.

[99] Id.

[100] Id.

[101] Docket no. 47.

summary judgment is filed and accompanied by competent supporting evidence, a court may

grant the motion if the opposing party fails to present controverting evidence."[102]  Plaintiff's

response to the officers' motion consists of an unsworn, four-sentence statement that mostly

references evidence plaintiff alleges to exist, but which plaintiff does not submit for the Court's

consideration.  Thus, notwithstanding the Court's advisory, plaintiff does not respond to the

officers' evidence with any controverting evidence of his own.  Therefore, plaintiff has not raised

a genuine issue of material fact to show the force used by the officers was excessive and the

officers' purported actions did not fall within the scope of their qualified immunity.

### b.    supplemental information from the record

The Court has reviewed plaintiff's complaints in this lawsuit and observes that plaintiff

submitted the facts alleged in plaintiff's original complaint and amended complaint under oath.[103]

In his original complaint, plaintiff alleges:

> I Sergio Jones was compliant when searched and handcuffed behind (sic) I did
> Attempt to evade arrest by running, but was subdued by Officer Acuna who
> proceeded to assault me with strikes, knees & punches to the head & face.  Officer
> Quintanilla arrives & continues the onslaught with repeated kicks to my face,
> eventually I was placed in the cruiser & en-route to the emergency (sic) at
> University Hospital where I was treated for multiple facial fractur[es] and a
> ruptured sinus as noted in my medical records.[104]

In his amended complaint, plaintiff alleges:

> I Sergio Jones was compliant when searched & handcuffed from behind.  I did
> attempt to evade arrest by running, but was subdued by 2 defendant[s] who then
> proceeded to assault me with strikes, knees and punches to the facial area.  First

---

[102]  Id. at 2 (citing FED.R.CIV.P. 56(a), (e)).

[103]  See plaintiff's declarations in  original complaint at 5 and amended complaint at 5.

[104]  Original complaint at 4.

officer continued the assault by kick[ing] me  multiple (sic) in the face with (sic) I suffered multiple fractures and bruises.[105]

Even if the Court considers the relevant facts alleged by plaintiff in his original and amended complaint,[106] the facts do not controvert the summary judgment evidence offered by the officers that, in sum, after plaintiff was handcuffed, he attempted to escape the officers' custody, plaintiff kicked the officers and struck them with his knee and attempted to bite Officer Acuna, the officers told him to stop resisting or biting, and plaintiff finally stopped resisting after Officer Quintanilla struck him in the torso.[107]  Indeed, plaintiff's allegations of fact essentially agree to contacts by defendants with the body of plaintiff.  Plaintiff's complaint does not include facts about what plaintiff himself was doing during the struggle.  More specifically, plaintiff emphasizes that defendants struck and hit him after they handcuffed plaintiff but nowhere attests under oath that plaintiff did nothing to resist the officers.  Thus, the facts alleged in plaintiff's original and amended complaints fail to raise a genuine issue of material fact to show the officers used force excessive to the need or that the officers' conduct violated a clearly established constitutional right such that the officers are not qualifiedly immune.

### c.    conclusion

In sum, even if plaintiff's one-page letter, along with the sworn statements of fact in plaintiff's original and amended complaints, are considered as plaintiff's evidence in opposition to defendants' motion for summary judgment, plaintiff had not raised a genuine issue of material

---

[105]   Amended complaint at 4.

[106]   See FED.R.CIV.P. 56 (e)(1).

[107]   Docket no. 46, exhibit A at 2-3, exhibit B at 2-3.

fact to defeat the officers' motion for summary judgment.  Therefore, the officers' motion for summary judgment is **granted** and plaintiff's § 1983 claims against the officers for use of excessive force is **dismissed with prejudice**.

### VI.  CONCLUSION

Based upon the foregoing discussion:

- the officers' motion to compel, for sanctions or to dismiss[108] is **GRANTED in part and DENIED in part** as provided in this Memorandum Decision and Order;

- the officers' motion for summary judgment[109] is **GRANTED**;

- plaintiff's § 1983 claims against the officers alleging excessive use of force in connection with plaintiff's arrest are **DISMISSED with prejudice**; and

- any other motions or requests for relief requested and not expressly granted are **DENIED**.

The District Clerk is directed to enter judgment in favor of defendants on each of plaintiff's claims, each side to bear its own costs.

**ORDERED, SIGNED** and **ENTERED** this 4th day of March, 2015.

Pamela A. Mathy

**PAMELA A. MATHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[108]  Docket no. 43.

[109]  Docket no. 46.

24